1  E. Gerard Mannion (State Bar # 77287)
   Demián I. Oksenendler (State Bar # 233416)
2  Kelly M. Mannion (State Bar # 278816)
   MANNION & LOWE
3  655 Montgomery Street, Suite 1200
   San Francisco, California 94111
4  Telephone: (415) 733-1050
   Facsimile: (415) 434-4810
5
   Attorneys for Plaintiff
6  WILLIAM G. CAVANAUGH

7                      UNITED STATES DISTRICT COURT

8                      EASTERN DISTRICT OF CALIFORNIA

9                            SACRAMENTO DIVISION

10 | WILLIAM G. CAVANAUGH,                      ) Case No.
                                                )
11 |         Plaintiff,                         ) COMPLAINT FOR RECOVERY PURSUANT
                                                ) TO INSURANCE CODE SECTION 11580,
12 | vs.                                        ) BREACH OF CONTRACT, AND BREACH
                                                ) OF IMPLIED COVENANT OF GOOD FAITH
13 | AMERICAN NATIONAL PROPERTY AND             ) AND FAIR DEALING
     CASUALTY COMPANY, AEROSPACE                )
14 | INSURANCE MANAGERS, INC.,                  ) DEMAND FOR TRIAL BY JURY
     AEROSPACE INSURANCE SERVICES,              )
15 |         Defendants.                        )
                                                )
16

17        Plaintiff alleges:

18                                  JURISDICTION

19        1.    The court has diversity jurisdiction pursuant to 28 U.S.C. §1332 as this is a civil

20 action between residents of different states and places into controversy a matter that exceeds seventy-

21 five thousand dollars ($75,000) exclusive of costs or interest.

22                                      VENUE

23        2.    Venue is proper in this district pursuant to 28 U.S.C. §1391(b).

24                                GENERAL ALLEGATIONS

25
          3.    American National Property and Casualty Company, Aerospace Insurance Managers,
26

                                           1

Inc., Aerospace Insurance Services (hereinafter, "Insurance Defendants") are corporations, businesses, or other entities engaged in the business of insurance, including, but not limited to, issuance of insurance policies, claims administration, claims adjusting, claims handling, or providing insurance coverage. Each of the Insurance Defendants was authorized and directed to perform one or more insurance-related functions by the other Insurance Defendants. Each of the Insurance Defendants accepted the authorization and obligation to perform those duties and/or functions.

4. Each of the Defendants was acting as the agent, servant, employee, alter-ego, co-conspirator, partner, parent, subsidiary, co-obligor, assignee and/or joint tortfeasor with each of the other Defendants. Each Defendant authorized, ratified, approved, and/or planned the actions and/or lack of actions of the other Defendants. Each of the Defendants is legally responsible for the acts of the other Defendants on a vicarious liability and/or *respondeat superior* basis. Each Defendant is in some manner legally responsible for the acts of each of the other Defendants and is therefore responsible for injuries and damages alleged in this Complaint.

5. Plaintiff sued William (Bill) Coulter dba Castle Aviation & Repair ("Coulter") for an accident which he had suffered while flying his helicopter. After that complaint was served, it was tendered to Insurance Defendants. Insurance Defendants rejected the tender of defense.

6. Thereafter, Plaintiff and Coulter made various attempts to get Insurance Defendants to accept the tender of defense, or settle the case. The Insurance Defendants refused to do so.

7. Plaintiff and Coulterl then entered into an agreement whereby plaintiff's claims would be heard by an independent arbitrator, who would make binding determinations on both liability and damages. Coulter also agreed to and did assign his rights against all the Defendants to collect on any judgment and recover other damages in exchange for a covenant to limit execution.

8. The parties proceeded to arbitration wherein an award of $1,458,085.00 was entered in favor of plaintiff against Coulter. Judgment was entered pursuant to that arbitration award.

9. Demands were made upon Insurance Defendants to pay the judgment. Those demands were refused.

COMPLAINT FOR RECOVERY PURSUANT TO INSURANCE CODE SECTION 11580, BREACH OF CONTRACT, AND BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING; DEMAND FOR TRIAL BY JURY

1  10.  At the time of the accident wherein plaintiff suffered the above-referenced
2  injuries and damages, Coulter was insured by and through Insurance Defendants.

### FIRST CLAIM FOR RELIEF TO COLLECT UPON JUDGMENT PURSUANT TO INSURANCE CODE SECTION 11580 AGAINST ALL DEFENDANTS

11.  Plaintiff incorporates by reference all of the proceeding General Allegations as fully set forth herein. Plaintiff brings this claim against the Insurance Defendants.

12.  Plaintiff obtained a judgment against Mr. Coulter.

13.  That judgment was, is, and/or should be covered under the written policy(ies) of insurance issued to Coulter by Insurance Defendants. There are no exclusions, restrictions, or other limitations which would limit or bar collection of some or all of that judgment pursuant to Insurance Code Section 11580. Alternatively, because of the actions of Insurance Defendants and/or their agents or representatives, any limitations or restrictions on collecting on that judgment were and are waived, excused, and/or unenforceable.

14.  Insurance Defendants have waived any right to, and/or are estopped from denying coverage and/or preventing collection of that judgment from Insurance Defendants under the insurance policy(ies) at issue.

15.  Plaintiff now seeks to recover the full amount of the judgment to which he is entitled under Insurance Code Section 11580 from the Insurance Defendants, plus interest, and costs.

16.  WHEREFORE, plaintiff prays for judgment as set forth below:

### SECOND CLAIM FOR RELIEF FOR BREACH OF CONTRACT AGAINST ALL DEFENDANTS

17.  Plaintiff incorporates by reference all of the preceding allegations as though fully set forth herein. This cause of action is brought against all Defendants.

18.  At the time of the accident which injured plaintiff, there were one or more written policies of insurance issued by Insurance Defendants to Coulter which covered the claim for damages such as those suffered by plaintiff. As such, the rights of plaintiff and Coulter to coverage

3

and/or the benefits of the policy(ies) were vested under the policy(ies) of insurance as of the time that the accident and injuries occurred.

19. The essential terms of the insurance policy(ies) required that Insurance Defendants defend claims such as were asserted by plaintiff and pay up to the policy limit in settlement or for a judgment. In addition, Insurance Defendants had to pay in excess of the policy limits in the event that they failed to defend, or settle, or resolve the claim within the policy limits when they had the opportunity to do so.

20. The defense of the *Cavanaugh v. Coulter* case was tendered to Insurance Defendants. That tender was rejected. There was a potential of coverage for the claims asserted thereby requiring that Insurance Defendants defend the action. Various attempts were made to get Insurance Defendants to participate in the defense and/or settlement and/or resolution of that case. Insurance Defendants refused to so participate or provide a defense.

21. Coulter performed all obligations and requirements under the insurance policy(ies) at issue. In the alternative, Coulter was prevented and/or misled and/or legally excused from having to perform and/or meet any and/or all requirements or obligations under the policy(ies).

22. Insurance Defendants breached their contract(s) of insurance by failing to defend and/or settle and/or indemnify Coulter. They refused to defend despite the fact that they were advised of facts during the pendency of the case which raised the possibility of coverage, which therefore required that a defense be provided.

23. As a direct result of Insurance Defendants failure to defend and/or settle and/or indemnify and resolve the action brought by plaintiff, Coulter suffered damages including the amount of the judgment and other consequential damages.

24. Plaintiff was assigned Coulter's rights to proceed against Insurance Defendants.

25. As a direct result of these breaches of contract, Coulter has suffered damages in the amount of the judgment, interest, attorneys fees, losses, and other such damages. Plaintiff now seeks to recover those damages pursuant to the assignment alleged above.

4

COMPLAINT FOR RECOVERY PURSUANT TO INSURANCE CODE SECTION 11580, BREACH OF CONTRACT, AND BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING; DEMAND FOR TRIAL BY JURY

26.    WHEREFORE, plaintiff prays for judgment as set forth below:

### THIRD CLAIM FOR RELIEF FOR BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING AGAINST INSURANCE DEFENDANTS

27.    Plaintiff incorporates this by reference all the preceding allegations as though fully set forth herein. Plaintiff brings this cause of actions against the Insurance Defendants.

28.    The insurance policy(ies) at issue contain within them an implied covenant of good faith and fair dealing. That implied covenant of good faith and fair dealing was breached by Insurance Defendants in various ways including, but not limited to: acting unreasonably in the handling of plaintiff's claim; unreasonably refusing to provide benefits under the insurance policy(ies); failing to properly investigate; failing to properly follow the standards imposed by the law, the Department of Insurance Regulations, and/or the Insurance Code; unreasonably withholding benefits and/or defense; failing to settle the underlying action; looking for ways to deny coverage rather than look for ways to find coverage; and in other respects.

29.    After plaintiff became a judgment creditor he became an intended third party beneficiary of the insurance contract(s). As such, Insurance Defendants owed him a duty of good faith and fair dealing. After he became such a creditor, he demanded the Insurance Defendants pay the judgment. He explained why he needed the money and the hardships imposed on him from not receiving payment. Nonetheless, Insurance Defendants refused to pay the judgment, or any part of it.

30.    The Insurance Defendants breached the duty of good faith and fair dealing by failing to pay or settle the claim when it was presented to them, by failing to properly investigate, by placing their interests ahead of plaintiff's, and in other respects alleged above.

31.    Insurance Defendants acted maliciously, fraudulently, oppressively, and in knowing and conscious disregard of plaintiff's rights after he became an intended third party beneficiary of the insurance contract by failing to pay on the judgment even though they knew that the money was owed and that plaintiff was entitled to be so compensated. Furthermore, Insurance Defendants understood the importance of collecting the judgment to plaintiff, including how it would help him

5

improve his life, but improperly failed and refused to make payment. They decided to hold onto the judgment, even though they were not entitled to do so, thereby subjecting plaintiff to unnecessary suffering and expense.

32. As a direct result of Insurance Defendants unreasonable conduct, plaintiff has also suffered other damages including emotional distress, attorney fees, and other general and special damages to be proven at the trial of this action.

33. Plaintiff therefore seeks to recover all appropriate compensatory, general, special, damages, and punitive damages in a sum sufficient to punish the Insurance Defendants.

WHEREFORE, plaintiff prays for judgment as follows:

1. For special damages according to proof;
2. For general damages according to proof;
3. For recovery of some or all of the judgment under Insurance Code Section 11580;
4. For punitive damages as appropriate;
5. For attorney's fees as appropriate;
6. For interest on all damages;
7. For costs of suit herein incurred;
8. For such other and further relief as the Court may deem proper.

Dated: July 29, 2015

MANNION & LOWE
A Professional Corporation

By: _____
E. Gerard Mannion
Attorney for Plaintiff
William G. Cavanaugh

///
///
///
///

COMPLAINT FOR RECOVERY PURSUANT TO INSURANCE CODE SECTION 11580, BREACH OF CONTRACT, AND BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING; DEMAND FOR TRIAL BY JURY

**DEMAND FOR TRIAL BY JURY**

Plaintiff hereby demands a trial by jury.

Dated: July 29, 2015

MANNION & LOWE
A Professional Corporation

By: *[signature]*
E. Gerard Mannion
Attorney for Plaintiff
William G. Cavanaugh