**WORTHE HANSON & WORTHE**
A Law Corporation
JOHN R. HANSON, SB# 149794
    E-Mail: jhanson@whwlawcorp.com
1851 East First Street, Ninth Floor
Santa Ana, California  92705
Telephone: 714.285.9600
Facsimile: 714.285.9700


**LEWIS BRISBOIS BISGAARD & SMITH LLP**
REBECCA R. WEINREICH, SB# 155684
    E-Mail: Rebecca.Weinreich@lewisbrisbois.com
STEPHEN V. KOVARIK, SB# 184656
    E-Mail: Stephen.Kovarik@lewisbrisbois.com
633 West 5th Street, Suite 4000
Los Angeles, California 90071
Telephone: 213.250.1800
Facsimile: 213.250.7900

Attorneys for Defendants AMERICAN NATIONAL PROPERTY AND CASUALTY COMPANY, AEROSPACE INSURANCE MANAGERS, INC., AND AEROSPACE INSURANCE SERVICES

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM G. CAVANAUGH,<br><br>            Plaintiff,<br><br>    vs.<br><br>AMERICAN NATIONAL PROPERTY AND CASUALTY COMPANY, AEROSPACE INSURANCE MANAGERS, INC., AEROSPACE INSURANCE SERVICES,<br><br>            Defendants. | CASE NO. 1:15-CV-01177-TLN-SKO<br><br>**JOINT STIPULATION TO AMEND PRETRIAL SCHEDULING ORDER TO (1) PERMIT FILING OF THIRD-PARTY COMPLAINT, AND (2) EXTEND DISCOVERY CUT OFF**<br><br>Honorable Troy L. Nunley |

   Plaintiff William G. Cavanaugh ("Cavanaugh") and defendants American National Property and Casualty Company ("American National"), Aerospace Insurance Managers, Inc., and Aerospace Insurance Services ("defendants"), through their respective counsel, stipulate as

follows:

1.Cavanaugh filed the present action on or about July 29, 2015, alleging three cause of action: (a) to collect on a judgment entered in underlying litigation against its insured, Bill Coulter ("Coulter"); (b) breach of contract as an assignee of Coulter's rights under the American National Airport Liability Insurance Policy at issue in this action based on defendants' alleged failure to defend, settle and indemnify Coulter in connection with the underlying action; and (c) breach of the implied covenant of good faith and fair dealing (bad faith) based upon defendants' conduct after Cavanaugh became a third party beneficiary of the insurance contract.

2.The underlying liability action sought damages for personal injuries sustained by Cavanaugh when a helicopter he was piloting crashed as a result of the alleged negligence of Coulter.  A tender by Cavanaugh was denied.  Cavanaugh obtained a judgment against Coulter and an assignment of Coulter's rights against his carrier.  Defendants refused to pay the judgment and the present action followed.

3.On February 1, 2016, this Court entered a Pretrial Scheduling Order.  As of that date, the order cut off the joinder of parties and amendment of pleadings without leave of court.  The Pretrial Scheduling Order also set the discovery cut off on February 2, 2017 and trial on January 22, 2018.

4.On December 2, 2016, American National filed a motion for leave to amend the Pretrial Scheduling Order to (1) permit the filing and service of a third-party complaint against Cavanaugh and Coulter seeking to reform that policy to reflect what it alleges is the mutual understanding of the contracting parties that coverage is afforded for "Airport Operations", and (2) adjust the deadlines set forth in the Pretrial Scheduling Order to allow additional time for Cavanaugh and Coulter to address the reformation claim.

5.As set forth in detail by the motion to amend and the supporting declarations of Warren J. Mueller and John R. Hanson, subsequent to the entry of the Pretrial Scheduling Order, American National learned of what it contends is a scrivener's error in its policy, which plaintiff contends renders coverage illusory.

6   So as to avoid unnecessarily burdening the Court and to allow for the efficient resolution of this action without the need to incur unnecessary expenses, the parties stipulate, subject to approval of the Court, that:

    a.   American National's motion to amend the Pretrial Scheduling Order be GRANTED for good cause shown.

    b.   The Pretrial Scheduling Order entered on February 1, 2016, is modified to allow the filing of American National's proposed Third-Party Complaint for Reformation of Insurance Policy ("Third-Party Complaint"), a copy of which is attached hereto as Appendix A.

    c.   The Third-Party Complaint is deemed filed as of the date this stipulation is "So Ordered" by the Court.  Plaintiff shall have the normal period of time to respond to the Third-Party Complaint after it is served on plaintiff's counsel.

    d.   The following deadlines set forth in Section IV of the Pretrial Scheduling Order are modified:

Non Expert Discovery Cut-off: March 31, 2017

Expert Disclosure:  May 19, 2017.  Supplemental experts are to be disclosed within 20 days after this date.

All other dates in the Scheduling Order remain the same.

    e.   Any depositions of American National taken pursuant to Rule 36(b)(6) of the Federal Rules of Civil Procedure will be held at a location in San Francisco that is mutually agreeable to the parties.

| | | |
|---|---|---|
| DATED: December 21, 2016 | | LEWIS BRISBOIS BISGAARD & SMITH LLP |

By: ___/s/ Stephen V. Kovarik___
Rebecca R. Weinreich
Stephen V. Kovarik
Attorneys for Defendants American National Property and Casualty Company, Aerospace Insurance Managers, Inc., Aerospace Insurance Services

DATED: December 21, 2016          MANNION & LOWE

By: ___/s/ E. Gerard Mannion___
    (as authorized on Dec. 21, 2016)
E. Gerard Mannion
Demian I. Oksenendler
Attorneys for Plaintiff William G. Cavanaugh

IT IS SO ORDERED.

Dated: December 27, 2016

_____
Troy L. Nunley
United States District Judge